His Honor, CHARLES F. CLAIBORNE,
rendered the opinion and decree of the Court, as follows:
Plaintiff claims a balance due on a contract for rat-proofing two buildings.
He alleges:
1st. That on September 28th, 1914, he made a contract with the defendant to rat-proof the property No. 519 Dumaine Street for the sum of $170.
2nd. That while engaged in said work he contracted to make extra work on said property amounting to $30 and consisting of: kalsomining and pink washing 31 rooms; taking out door in, brick wall and closing same with bricks and patching wall in yard.
3rd. That on October '20th, 1914, he made another contract with the defendant to rat-proof the property No. 517 Dumaine Street for the sum of $402.10, comprising among others the following specifications, viz:
1. Floors of bar-room to be taken out — space between sleepers to be filled with .concrete and “floors to be put hack.”
2. Wainscoting around walls to be cut off about 10 inches above floor — to be filled up with concrete and “base board to be put back.”
3. “Room in back of bar-room to be taken down.”
4. Walls 1 ft. above floor to be filled with concrete.
*475 5. “’Cracks in fence to be stripped.”
6. ‘ ‘ Two rooms on 2nd. floor to be flashed. ’ ’
4th. That he performed extra work on said property amounting to $79 and consisting of cementing walls $39.00 and painting $40.00, making a total of $681.10.
That the defendant has made the following partial payments on said work as follows:
October 19,1914,..............................$100
December 11, 1914, ............................$100
January 16, 1915,........:....................$100
Leaving a balance due of......'................$381
$681
For answer the defendant admits 1st, the contract of September 28, and that it was executed and has been paid for out of the'$300.
2nd. Defendant also admits the agreement for the extra work on the property No. 517 Dumaine, but denies that any price was agreed upon therefor, but avers on the contrary that said work was done in lieu of the flashing of one of the rooms on the second floor of property No. 517 Dumaine.
3rd. Defendant admits the contract of October 20, 1914, but denies that the same was carried out for this:
a. Plaintiff failed to put back the flooring and baseboard.
b. That he failed to take down the room in the back of the bar-room.
e. That he failed to strip the cracks of the fence.
4th. Defendant admits that plaintiff performed the extra work of cementing $39, and painting $40, but that no price was agreed upon, but on the contrary that said *476 work was.done in lieu of the flashing of one'of the rooms of the second floor of house No. 517 Dumaine.
He further avers that he has paid $130 in part payment of the contract of October 20, leaving a balance due plaintiff of $272 which he is ready to pay in full payment whenever plaintiff completes his contract.
There was judgment for the whole amount claimed by plaintiff and defendant has appealed. He must show that the judgment is erroneous.
We shall take up first the items of extra work amounting to $30, plus'$39, plus $40, or a'total of $109. The defendant admits the agreement .to make them without fixing the price, does not deny the value, but avers that they were to be made in lieu of the flashing of one room.
Plaintiff says that the price charged was agreed upon, and he denies that he did the extra work in lieu of any other work. He is corroborated in this by the fact that the flashing in the two rooms extended over 108 feet and would have cost only $10.80. The witness Peterson who did the painting says it cost him $80.
Defendant complains that plaintiff failed to put back the floors and baseboards; that he failed to take down the room in the back of the bar-room, and to strip the cracks of the fence.
Plaintiff admits this but gives the following explanation; the flooring and wainscoting were so decayed, that they could not be replaced and the health inspector: objected to it; he then called on defendant and laid the matter before him, and defendant told him to do it differently; he. then laid a cement flooring instead of replacing the old flooring and cemented the wall; the cement .floor cost him 35 cents a.yard more than replacing the *477 wood flooring. Plaintiff is corroborated by Peterson, tbe painter, and Comment, wbo did tbe cement work.
Opinion and decree, June 12th, 1916.
Rehearing refused, June 30th, 1916,
The room in the back of tbe bar-room is a locker or pantry partly under tbe steps. Tbe tenant objected to its removal as be needed it to store bis wines, and tbe inspector consented that it remain^ provided it was ventilated. Plaintiff is willing to remove tbe enclosure whenever defendant desires.
Plaintiff did not strip the cracks in tbe fence because tbe boards were decayed. But be built an entirely new fence worth $16 for which be has made no charge.
", Tbe defendant is the only witness in bis own behalf, His testimony lacks method' and certainty and fails to convince. He does not deny tbe conversation to which plaintiff testified concerning tbe decayed flooring and tbe wainscoting. He admits that it is absolutely necessary to have the little room under tbe steps. He does not say what was tbe work that was eliminated and in exchange for which tbe extra work was done. Tbe trial Judge did not think he made out any defense, neither do we.
Tbe judgment is therefore affirmed.